UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| BISON BUILDING HOLDINGS, INC., | § § | CASE NO. 09-34452 |
| BISON BUILDING MATERIALS, LLC, | § § | CASE NO. 09-34453 |
| BISON BUILDING GP, INC., | § § | CASE NO. 09-34454 |
| HLBM COMPANY, | § § | CASE NO. 09-34455 |
| MILLTECH, INC., | § § | CASE NO. 09-34456 |
| BISON BUILDING MATERIALS NEVADA, LLC, | § § § | CASE NO. 09-34457 |
| BISON MULTI-FAMILY SALES, LLC, | § § | CASE NO. 09-34458 |
| BISON CONSTRUCTION SERVICES, LLC, | § § § | CASE NO. 09-34459 |
| Debtors. | § | (Chapter 11) |

**DEBTORS' EMERGENCY MOTION FOR JOINT ADMINISTRATION**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

1628209v2

**To the Honorable United States Bankruptcy Judge:**

Bison Building Holdings, Inc., ("Bison Holdings") Bison Building Materials, LLC ("Bison Materials"), Bison Building GP, Inc. ("Bison GP"), HLBM Company ("HLBM"), Milltech, Inc. ("Milltech"), Bison Building Materials Nevada, LLC ("Bison Nevada"), Bison Multi-Family Sales, LLC ("Bison Multi-Family") and Bison Construction Services, LLC ("Bison Construction" and collectively with Bison Holdings, Bison Materials, Bison GP, HLBM, Milltech, Bison Nevada and Bison Multi-Family, the "Debtors") file this emergency motion for the procedural joint administration of their cases.

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Brief Background**

2. On June 28, 2009, the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").[1]

3. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or creditors' committee has been appointed in the Debtors' cases.

4. Bison Holdings is a Texas corporation. The stock of Bison Holdings is owned by Pat W. Bierschwale and other members of the Bierschwale family or trusts for their benefit. Bison Materials is owned 99.5% by Bison Holdings and 0.5% by Bison GP. Bison Holdings

---

[1] For a detailed description of the Debtors' businesses, the Debtors' capital structure and the events leading up to these cases, see the Declaration of Pat. W. Bierschwale filed on June 28, 2009.

1628209v2                                   2

owns 100% of Bison GP, HLBM, Milltech, Bison Multi-Family and Bison Construction. Bison GP owns 100% of Bison Nevada.

### Relief Requested

5.  The Debtors request that the Court order the joint administration of the Debtors' cases. Federal Rule of Bankruptcy Procedure 1015(b) provides that the Court may order the joint administration of the estates of a debtor and an affiliate. The Debtors qualify for joint administration because they are affiliates within the meaning of § 101(2) of the Bankruptcy Code.[2] Accordingly, the Court is authorized to grant the relief requested herein.

6.  The Debtors seek joint administration of these cases to obviate the need for duplicative notices, pleadings, orders and dockets, thereby saving considerable time and expense for the Debtors, the creditors and the Court in these cases.

7.  The Debtors are not seeking substantive consolidation. Each creditor may still file a claim against a particular Debtor's estate. Separate claims registers will be maintained.

8.  The Debtors request that the caption of their cases be modified to reflect the joint administration of the Chapter 11 cases as follows:

---

[2] Section 101(2) provides in relevant part:

(2) "affiliate" means –

(A) entity that directly and indirectly owns, controls, or holds with power to vote 20 percent or more of the outstanding voting securities of the debtor . . . ;

(B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BISON BUILDING** | § | **CASE NO. 09-34452** |
| **HOLDINGS, INC.,** *et al.*, | § | |
| | § | |
| Debtors. | § | (Chapter 11 – Jointly Administered) |

9. The Debtors also seek the Court's direction that a notation in substantially the following form be entered on the docket sheet of each of the Debtors' cases to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of In re: Bison Building Holdings, Inc., Case No. 09-34452; In re: Bison Building Materials, LLC, Case No. 09-34453; In re: Bison Building GP, Inc., Case No. 09-34454; In re: HLBM Company, Case No. 09-34455; In re: Milltech, Inc., Case No. 09-34456; Bison Building Materials Nevada, LLC, Case No. 09-34457; In re: Bison Multi-Family Sales, LLC, Case No. 09-34458; and In re: Bison Construction Services, LLC, Case No. 09-34459 in accordance with Federal Rule of Bankruptcy Procedures 1015(b). The docket in Case No. 09-34452 should be consulted for all matters affecting these cases.

10. The Debtors are not aware of any administrative or scheduling order that might require modification as a result of the requested joint administration.

11. In summary, the Debtors request that their cases be jointly administered for procedural purposes to the extent of the following:

    a.    One docket shall be maintained for the Debtors' cases, under the case number assigned to Bison Holdings;

    b.    All pleadings, orders and other papers filed shall be captioned with the style reflected above, and shall reflect that the cases are jointly administered under the case number assigned to Bison Holdings;

    c.    The United States Trustee shall conduct a joint informal meeting with the Debtors, if required;

      d.      Each of the Debtors shall file separate Schedules of Assets and Liabilities, Statements of Financial Affairs and, as applicable, Lists of Equity Security Holders;

      e.      Proofs of Claim filed by creditors of any Debtor shall reflect the style and case number of the Debtor to which the claim relates and in whose case such claim is to be filed; and

      f.      Separate claims registers shall be maintained for each Debtor.

12. Accordingly, the Debtors request that the Court enter an order (i) directing the procedural joint administration of the Debtors' cases as set forth above; and (ii) granting such other relief as is just.

**Dated: June 28, 2009.**

                                                        **Porter & Hedges, L.L.P.**

                                   By:    /s/ Joshua W. Wolfshohl
                                              David R. Jones
                                              State Bar No. 00786001/S.D.Tex. No. 16082
                                              Joshua W. Wolfshohl
                                              State Bar No. 24038592
                                              1000 Main Street, 36th Floor
                                              Houston, Texas 77002
                                              (713) 226-6000
                                              (713) 226-6248 (Facsimile)
                                              **Counsel for the Debtors**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument will be duly served by United States first class mail to all creditors and parties-in-interest on June 29, 2009.

                                              /s/ Joshua W. Wolfshohl
                                              Joshua W. Wolfshohl