**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BISON BUILDING** | § | **CASE NO. 09-34452-H2-11** |
| **HOLDINGS, INC.,** *et al.*, | § | |
| | § | |
| Debtors. | § | (Chapter 11 – Jointly Administered) |

**SECOND INTERIM APPLICATION OF DEBTORS' COUNSEL FOR**
**ALLOWANCE OF COMPENSATION FOR THE PERIOD**
<u>**FROM OCTOBER 1, 2009 THROUGH DECEMBER 31, 2009**</u>

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON MARCH 15, 2010 AT 10:00 A.M. IN COURTROOM 400, 515 RUSK AVENUE, HOUSTON, TEXAS. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

<u>**Application Summary**</u>

| | | |
|---|---|---|
| **Name of Applicant:** | Porter & Hedges, L.L.P. | |
| **Applicant's Role in Case:** | Counsel for the Debtors | |
| **Date Order of Employment Signed:** | 8/10/09 [Docket No. 100] | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | 10/1/09 | 12/31/09 |
| **Time period(s) covered by prior Applications:** | 6/28/09 | 9/30/09 |
| **Total amounts awarded in all prior Applications:** | | $144,192.63 |
| **Total fees requested in this Application:** | | $59,991.00 |
| **Total professional fees requested in this Application:** | | $49,612.50 |
| **Total actual professional hours covered by this Application:** | | 138.50 |
| **Average hourly rate for professionals:** | | $358.21 |
| **Total paraprofessional fees requested in this Application:** | | $10,378.50 |
| **Total actual paraprofessional hours covered by this Application:** | | 56.10 |

| Average hourly rate for paraprofessionals: | $185.00 |
|---|---|
| Reimbursable expenses sought in this Application: | $5,059.32 |

**To the Honorable Wesley W. Steen,
United States Bankruptcy Judge:**

Porter & Hedges, L.L.P. ("PH"), counsel for Bison Building Holdings, Inc., Bison Building Materials, LLC, Bison Building GP, Inc., HLBM Company, Milltech, Inc., Bison Building Materials Nevada, LLC, Bison Multi-Family Sales, LLC and Bison Construction Services, LLC (the "Debtors"), files this second interim application for allowance of compensation (the "Application") for the period from October 1, 2009 through December 31, 2009 (the "Application Period").

## Overview

1. Since the petition date, the Debtors have dedicated significant time and resources to stabilizing their core operations, cutting unnecessary expenses and winding-down and/or selling certain unprofitable divisions. As operations have stabilized, with the assistance of counsel, senior management has shifted its focus to the development of a viable long-term business plan and the formulation of a confirmable chapter 11 plan of reorganization. To that end, with the cooperation of their various constituents, including the Debtors' secured lender and the Official Committee of Unsecured Creditors (the "Committee"), the Debtors have employed an investment banker to assist in exploring strategic alternatives. PH has been instrumental in assisting the Debtors in their efforts. By any reasonable measure, PH's services in this case have provided a substantial benefit to the estates and their creditors.

**Background**

2.      The Debtors each filed a voluntary chapter 11 cases on June 28, 2009.  The cases are being jointly administered.

3.      During the Application Period, the Debtors focused their efforts on (i) stabilizing their operations, (ii) obtaining an extension of their post-petition financing facility, (iii) evaluating and winding down certain business divisions, (iv) evaluating the Debtors' need for certain real and personal property leases, (v) negotiating with creditors and developing procedures for dealing with § 503(b)(9) claims and (vi) developing the framework for a plan of reorganization.  Significant progress has been made and the Debtors have now employed an investment banker assist in their attempts to raise capital and explore strategic alternatives in connection with their formulation of a plan of reorganization.

4.      The Debtors retained PH to assist in their reorganization efforts.  The Debtors filed their application to employ PH on June 28, 2009 [Docket No. 11].  The application was granted by order entered August 10, 2009 [Docket No. 100].  A copy of the order is attached as **Exhibit 1**.

**Retainer and Prior Requests for Allowance of Compensation**

5.      The Debtors paid PH a pre-petition retainer of $100,000.  The retainer was paid to PH for pre-petition services and advice as well as for post-petition services to be rendered and expenses to be incurred in connection with the bankruptcy cases.   The unused balance of the retainer as of the petition date was $14,392.01.

6.      On December 7, 2009, the Court granted PH's first interim application for the allowance of compensation through September 30, 2009, approving professional fees in the amount of $110,629.00 and reimbursable expenses in the amount of $33,563.63 [Docket No.

366] (the "First Interim Compensation Order").  A copy of the First Interim Compensation Order

is attached as **Exhibit 2**.

      7.      During the Application Period, in addition to the payment received under the First

Interim Compensation Order, PH received the following payments in accordance with the

Court's Order Approving Interim Compensation Procedures for Professionals [Docket No. 101]:

| | **Date** | **Fees** | **Expenses** | **Total** |
|---|---|---|---|---|
| • | 10/16/09 | $35,215.60 | $1,758.71 | $36,974.31 |
| • | 12/7/09 | $37,270.80 | $9,126.50 | $46,397.30 |

The charges for which these payments were made are embodied in this Application.  Any

payments received under the interim compensation order will be credited against the awarded

compensation.

### Staffing Policy

      8.      Through its policy regarding professional staffing in bankruptcy cases, PH strives

to provide the most effective and cost-efficient representation possible.  In chapter 11 cases, PH

typically assigns one attorney who possesses the requisite experience and ability to be primarily

responsible for all major tasks in the case.  The primarily responsible attorney will involve other

professionals when additional support in a case is necessary.  Where possible, PH will direct

tasks to professionals with lower billing rates.  Due to the nature of these cases and the number

of critical issues that required immediate attention, David R. Jones was designated as the

primarily responsible attorney.  As the cases have stabilized, Joshua W. Wolfshohl has assumed

responsibility for a majority of issues.  Mr. Jones and Mr. Wolfshohl have provided the majority

of the legal services rendered by PH in these cases.  Other attorneys with PH that specialize in

non-bankruptcy areas have been utilized as the need arose.

**Amount of Fees and Expenses Requested**

9.      This Application seeks compensation for PH's professional services rendered and out-of-pocket expenses incurred from October 1, 2009 through December 31, 2009.  During that period, PH rendered a total of 138.50 hours of professional services and 56.10 hours of paraprofessional services on behalf of the Debtors.  PH's detailed monthly statements are attached as **Exhibit 3**.  PH requests compensation of $59,991.00 for services rendered to the Debtors during the Application Period.  That amount works out to an average hourly rate of approximately $358 for professionals and $185 for paraprofessionals.  The rates charged by PH are the customary rates charged to other clients of PH during the Application Period.

10.      During the Application Period, PH incurred the following non-reimbursed expenses in connection with its representation of the Debtors:

| Expense | Amount |
|---|---|
| Copies/Printing/Binding | $4,694.20 |
| Fax/long distance | $5.15 |
| Postage | $32.91 |
| Deliveries | $30.00 |
| Legal Research | $297.06 |
| **TOTAL** | **$5,059.32** |

11.      All of PH's expenditures were necessary and reasonable costs incident to the performance of professional services for the Debtors.  All of PH's professional services were rendered for and on behalf of the Debtors.

12.      No agreement or understanding exists between PH and any other person with respect to sharing the compensation to be received by PH in connection with the legal services rendered to the Debtors.

## Accomplishments

13.     The principal accomplishments of PH during the Application Period include the

following:

a.      **Evaluation of Leases and Executory Contracts.**  During the Application Period, the Debtors have spent substantial time reviewing and evaluating their options with respect to various leased equipment, leased real property and existing executory contracts.  Where possible, the Debtors have negotiated resolutions concerning the rejection/assumption of leases and executory contracts, resulting in substantial savings to the estates.  The Debtors have also been required to address motions filed by equipment lessors seeking to compel assumption and/or rejection of certain leases.  PH has taken the necessary steps to assist the Debtors in their efforts and, where necessary, prepare and file pleadings with the Court and attend hearings regarding the same.

b.      **Claims Evaluation and Administration.**  The Debtors and PH have analyzed various claims asserted against the estates, including numerous reclamation claims and § 503(b)(9) administrative expense claims.  In most instances, the Debtors have successfully negotiated agreed claims with such creditors.  The Debtors have also (i) developed and obtained Court approval of procedures for the payment of allowed § 503(b)(9) claims; and (ii) negotiated and obtained Court approval of a resolution with two of the Debtors' largest vendors concerning their respective § 503(b)(9) administrative expense claims.

c.      **Financing and Cash Collateral Issues.**  The Debtors and PH negotiated and secured an extension of the Debtors' post-petition financing facility.  To that end, the Debtors and PH communicated with the Debtors' secured lender, finalized the Debtors' updated budget, prepared and filed pleadings in connection with the extension and attended hearings regarding the same.

d.      **Creditor Matters.**  The Debtors believe that the success of these cases hinges on the cooperation and participation of the estates' creditors.  The Debtors and PH have expended significant efforts maintaining an open line of communication with the Committee, as well as individual creditors, and keeping the various constituencies abreast of the Debtors' reorganization efforts.  This category includes responding to creditor inquiries, meetings with the Committee and resolving miscellaneous creditor issues.

e.      **Employment and Compensation of Estate Professionals.**  PH has assisted the Debtors in obtaining Court approval for the employment of various professionals in these cases.  PH also prepared and filed its first interim fee application and assisted the Committee's counsel in filing its first interim fee application.

f.    **Plan of Reorganization.**  PH has assisted the Debtors in their efforts to develop the framework for a chapter 11 plan of reorganization.  To that end, PH has met with counsel for both the Committee and the Debtors' secured lender to discuss strategic alternatives and possible plan structures.  PH has also assisted the Debtors' in obtaining extensions of their exclusivity periods.

g.    **Administrative Matters and General Legal Advice.**  PH provided the Debtors with general legal advice in regard to all facets of these cases.  Included in this category are administrative matters such as responding to miscellaneous matters, implementing the Debtors' and the Court's instructions, conferences with various parties in the case and filing miscellaneous pleadings.

### Allocation of Professional Services

14.    In the course of providing its services to the Debtors, PH allocates its professional services to the major undertakings involved in the case.  In these cases, PH's professionals individually enter daily time entries into PH's computerized time and billing system, and those entries are directly allocated to the particular matter on which the professional is working.  In so doing, counsel facilitates analysis of the services required to address each major problem that confronts the Debtors.  The following describes the major tasks on which PH provided services to the Debtors, and the substantive amount of time expended by each professional in regard to each such task during the Application Period:

*Evaluation of Leases and Executory Contracts.*  The amount of each professional's time expended in this category and the fees attributable to such time is as follows:

| | | |
|---|---|---|
| • David R. Jones | .40 | $ 198.00 |
| • Joshua W. Wolfshohl | 15.70 | $ 4,867.00 |
| • Joshua N. Eppich | 2.50 | $ 725.00 |
| • Kim Steverson | 1.60 | $ 296.00 |
| **Total** | **20.20** | **$ 6,086.00** |

*Claims Evaluation and Administration.* The amount of each professional's/paraprofessional's time expended in this category and the fees attributable to such time is as follows:

| | | | |
|---|---|---|---|
| • | David R. Jones | 10.20 | $ 5,049.00 |
| • | Joshua W. Wolfshohl | 13.30 | $ 4,123.00 |
| • | Kim D. Steverson | 8.30 | $ 1,535.50 |
| | **Total** | **31.80** | **$ 10,707.50** |

*Financing and Cash Collateral Issues.* The amount of each professional's/paraprofessional's time expended in this category and the fees attributable to such time is as follows:

| | | | |
|---|---|---|---|
| • | David R. Jones | 3.70 | $ 1,831.50 |
| • | Joshua W. Wolfshohl | 9.20 | $ 2,852.00 |
| | **Total** | **12.90** | **$ 4,683.50** |

*Creditor Matters.* The amount of each professional's/ paraprofessional's time expended in this category and the fees attributable to such time is as follows:

| | | | |
|---|---|---|---|
| • | David R. Jones | 9.70 | $ 4,801.50 |
| • | Joshua W. Wolfshohl | 20.90 | $ 6,479.00 |
| • | Elizabeth "Liz" C. Freeman | 5.10 | $ 2,142.00 |
| • | Kim D. Steverson | 7.30 | $ 1,350.50 |
| | **Total** | **43.00** | **$ 14,773.00** |

*Employment and Compensation of Estate Professionals.* The amount of each professional's/paraprofessional's time expended in this category and the fees attributable to such time is as follows:

| | | | |
|---|---|---|---|
| • | Joshua W. Wolfshohl | 11.60 | $ 3,596.00 |
| • | Kim D. Steverson | 12.00 | $ 2,220.00 |
| | **Total** | **23.60** | **$ 5,816.00** |

*Plan of Reorganization.* The amount of each professional's/paraprofessional's time expended in this category and the fees attributable to such time is as follows:

| | | | |
|---|---|---|---|
| • | David R. Jones | 6.50 | $ 3,217.50 |
| • | Joshua W. Wolfshohl | 7.60 | $ 2,356.00 |

|        |        |                |
|--------|--------|----------------|
| **Total** | **14.10** | **$   5,573.50** |

*Administrative Matters and General Legal Advice.*   The amount of each professional's/paraprofessional's time expended in this category and the fees attributable to such time is as follows:

| | | | |
|---|---|---|---|
| • | David R. Jones | 1.90 | $      940.50 |
| • | Joshua W. Wolfshohl | 18.70 | $   5,797.00 |
| • | Beverly Young | 1.50 | $      637.50 |
| • | Kim D. Steverson | 26.90 | $   4,976.50 |
| | **Total** | **49.00** | **$  12,351.50** |

## Factors Supporting Allowance of Compensation

15.      Section 330(a)(3)(A) of the Bankruptcy Code sets forth the criteria for the evaluation of professional fees.  Prior to the enactment of § 330(a)(3)(A), *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977) was the controlling authority that Courts within the Fifth Circuit relied upon in evaluating requests for payment of professional fees.  The § 330(a)(3)(A) factors are subsumed within the more extensive *First Colonial* factors.  The following analysis of the *First Colonial* factors support the reasonableness of the requested fees and expenses:

a.      **Time and labor required**. **Exhibit 3** to this Application contains copies of PH's monthly invoices.  All time records are recorded in the firm's computerized billing system contemporaneously with the rendition of the services, and those daily records are reviewed at least monthly.  **Exhibit 3** sets forth in detail all the time for which compensation is sought, as well as the specific services performed by each of the professionals in connection with the services.

b.      **The size of the fee is commensurate with the novelty and difficulty of the questions presented in the case.**  These cases are fairly complex with multiple legal issues requiring legal counsel in a variety of specialized areas.  PH believes that the amount of the fees is reasonable in light of the complexity of the legal issues and problems present in these cases.

c.      **The skill requisite to perform the legal services properly**.   PH is an experienced law firm in the area of bankruptcy law.  Moreover, the firm has considerable expertise in representing chapter 11 debtors.

d.       **Preclusion of other employment due to the acceptance of this case.**   PH was not required to decline representation in other matters due to these cases.

e.       **The customary fee.**   The rates charged by PH in these cases are the customary rates charged for services of a similar nature for the firm's other clients at the time the services were provided.

f.       **Whether the fee is fixed or contingent.**   These cases were not based on a fixed or contingent fee.

g.       **The amount of time involved and the results obtained.**   PH's actions in these cases have assisted the Debtors in efficiently reorganizing their business operations, administering these cases and moving toward developing a chapter 11 plan.   These cases have been handled in a professional and cost-effective manner.   The requested compensation is reasonable in view of the time expended, the parties involved, and the results obtained in the case to date.

h.       **The experience, reputation and ability of the professionals who performed virtually all of the services in the case.**   The following summarizes the background of the primarily responsible attorneys who performed the majority of the legal services during the Application Period:

**David R. Jones.**   Mr. Jones received a Bachelor of Science degree in Electrical Engineering with honors from Duke University in 1983, and a Masters of Business Administration from Southern Methodist University in 1986.   After his graduation, Mr. Jones was employed in the corporate finance department of a large Fortune 100 company, and ultimately became self-employed in a number of businesses, including a computer consultation business.   In 1990, Mr. Jones enrolled in the University of Houston Law Center.   He received his Juris Doctorate from the University of Houston with honors in 1992.   While in law school, Mr. Jones was the editor-in-chief of the *Houston Law Review* and served as Chief Baron of the Order of the Barons.   Since becoming an attorney, Mr. Jones has specialized in business and governmental reorganization matters, complex business litigation, Debtor representation and general bankruptcy law.   Mr. Jones is member of the State Bar of Texas, and is admitted to practice before the United States District Court for the Southern and Eastern Districts of Texas and the District of Colorado, the Fifth Circuit Court of Appeals and the United States Supreme Court.   He is a member of the American, Houston, and Fifth Circuit Bar Associations.   Mr. Jones has not applied for certification as a specialist by the State Bar of Texas.

**Joshua W. Wolfshohl.**   Mr. Wolfshohl received a Bachelor of Arts degree from the University of Texas in 1997.   Mr. Wolfshohl received his Juris Doctorate from the University of Houston in 2002.   After graduation from law school, Mr. Wolfshohl clerked for the Hon. Wesley Steen.   Since joining PH as an associate attorney, Mr. Wolfshohl has specialized in business reorganization matters, bankruptcy-related litigation and general bankruptcy law.   Mr. Wolfshohl is member of the State Bar of Texas, and is admitted to

practice before the United States District Court for the Southern District of Texas and the Fifth Circuit Court of Appeals.  He is a member of the Houston and Fifth Circuit Bar Associations.  Mr. Wolfshohl has not applied for certification as a specialist by the State Bar of Texas.

i.       **The undesirability of the case**.   These cases are not undesirable.   Counsel appreciates (i) the opportunity to represent the Debtors; and (ii) the Court's and its staff's responsiveness to all matters that have arisen in these cases.

j.       **Awards in similar cases.**   The compensation requested in these cases is comparable to, if not less than, the compensation allowed in other cases of the size and complexity of this case.

k.       **Disbursements**.   PH disbursed the sums set forth above for actual and necessary expenses incurred in the rendition of professional services during these cases.  The following describes PH's policy regarding charging of expenses:

- Billing rates do not include components for copying and other extraordinary charges that may be incurred by particular clients;

- Photocopies made on premises were charged at twenty cents per page in accordance with guidelines promulgated in the Southern District of Texas.  Larger copying and mailing jobs are performed by an outside copying service at cheaper rates;

- All travel and accommodation expenses are charged at the least expensive cost to the Estate available under the circumstances of the particular trip.

PH believes that the expenses incurred in connection with its representation of the Debtors in these cases were necessary, reasonable and justified under the circumstances.

<u>Conclusion</u>

With PH's assistance, the Debtors have stabilized their operations, significantly reduced the administrative burden associated with certain unprofitable operations and made substantial progress toward formulating a chapter 11 plan.  The legal fees and expenses incurred in these cases were appropriate for the tasks completed and the results obtained.  By any reasonable measure, the services provided in these cases by PH have benefited the estates and all creditors.

Accordingly, PH requests the Court award interim compensation and reimbursement of expenses as set forth above; and grant such other just relief.

**Dated: February 16, 2010.**

Respectfully submitted,

**Porter & Hedges, L.L.P.**

/s/ Joshua W. Wolfshohl
David R. Jones
State Bar No. 00786001/S.D.Tex. No. 16082
Joshua W. Wolfshohl
State Bar No. 24038592
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6653
(713) 226-6253 (fax)
**Attorneys for the Debtors**

### Certificate of Service

I hereby certify that a copy of the foregoing Second Interim Application of Debtors' Counsel for Allowance of Compensation for the Period From October 1, 2009 Through December 31, 2009 was served upon the Debtors, the United States Trustee, Wachovia Bank, National Association and counsel for the Official Committee of Unsecured Creditors by first class mail on February 16, 2010. The Notice of Filing and Hearing on the Second Interim Application was served upon all persons entitled to notice pursuant to FED. R. BANKR. P. 2002 by first class mail on February 16, 2010.  A certification of service reflecting the names and addresses of these parties-in-interest is attached to the Notice.  In addition, all registered ECF users appearing in this case received electronic notice of the foregoing on February 16, 2010.

/s/ Joshua W. Wolfshohl
Joshua W. Wolfshohl