UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BISON BUILDING | § | CASE NO. 09-34452-H2-11 |
| HOLDINGS, INC., *et al.*, | § | |
| | § | |
| Debtors. | § | |
| H. MALCOLM LOVETT, JR., | § | |
| LIQUIDATING TRUSTEE, | § | |
| | § | |
| vs. | § | **Contested Matter** |
| | § | **(Objection to Claims)** |
| BOISE BUILDING SOLUTIONS | § | |
| DISTRIBUTION, *et al.*, | § | |
| | § | |
| Claimants. | § | |

OBJECTION TO CLAIMS OF BOISE BUILDING SOLUTIONS DISTRIBUTION
AND BOISE BUILDING SOLUTIONS MANUFACTURING
(CLAIM NOS. 47-1, 50-1, 50-2 and 53-1, CASE NO. 09-34453)

**THIS IS AN OBJECTION TO YOUR CLAIMS. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW ALL OR A PORTION OF THE CLAIMS THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 21 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 21 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIMS MAY BE DISALLOWED.**

**THIS MATTER HAS BEEN SET FOR HEARING ON APRIL 14, 2011 AT 10:00 A.M. (HOUSTON TIME) BEFORE THE HONORABLE MARVIN ISGUR, CHIEF UNITED STATES BANKRUPTCY JUDGE, 515 RUSK AVENUE, 4TH FLOOR, COURTROOM 404, HOUSTON, TEXAS 77002.**

**To the Honorable Marvin Isgur,
Chief United States Bankruptcy Judge:**

H. Malcolm Lovett, Jr. (the "Liquidating Trustee"), Liquidating Trustee under the

Debtors' confirmed First Amended Joint Chapter 11 Plan of Reorganization (the "Plan"), files

this objection to the claims of Boise Building Solutions Distribution ("Boise Distribution") and

Boise Building Solutions Manufacturing ("Boise Manufacturing" and collectively with Boise Distribution, the "Claimants").

## Summary of Relief Requested

1. The Claimants filed three claims against Bison Building Materials, LLC ("BBM"): (i) Claim No. 47-1 asserting a general unsecured claim in the amount of $8,342.40; (ii) Claim No. 50-2 asserting a secured claim in the amount of $1,505,722.50, an administrative claim in the amount of $1,081,422.40 and a general unsecured claim in the amount of $173,469.70; and (iii) Claim No. 53-1 asserting a general unsecured claim in the amount of $42,711.12. Claim No. 47-1 was previously paid in full pursuant to § 503(b)(9). With respect to Claim No. 50-2, $1,083,418.46 was previously paid pursuant to § 503(b)(9) and the entire secured claim of $1,505,722.50 was satisfied through the conveyance of certain real property to Boise Distribution under the Plan. Finally, $32,085.62 was previously paid on Claim No. 53-1 pursuant to § 503(b)(9). Accordingly, the Liquidating Trustee requests that Claim No. 47-1 be disallowed, Claim No. 50-2 be allowed as a general unsecured claim in the amount of $171,473.64 and Claim No. 53-1 be allowed as a general unsecured claim in the amount of $10,625.50.

## Parties and Jurisdiction

2. The Liquidating Trustee may be served in this contested matter through the undersigned counsel.

3. The Claimants may be served c/o Douglas D. D'Arche and Michelle Benavides, Baker Hostetler, 1000 Louisiana St., Suite 2000, Houston, Texas 77002, as set forth in the Claimants' proofs of claim filed in this case.

4. Claim objections are governed by § 502 of the Bankruptcy Code and by Bankruptcy Rule 3007. Inasmuch as the Liquidating Trustee is not requesting relief of the kind specified in Bankruptcy Rule 7001, this objection is a contested matter under Bankruptcy Rule 9014.

**Background**

5. The Debtors filed voluntary chapter 11 cases on June 28, 2009.

6. On June 29, 2010, the Court entered its order confirming the Plan [Docket No. 589]. The Plan became effective and the Liquidating Trustee was appointed on July 1, 2010 (the "Effective Date"). Under the Plan, the Liquidating Trustee is granted authority to file claim objections on behalf of the Liquidating Trust.

7. On November 2, 2009, Boise Manufacturing filed a proof of claim in Case No. 09-34453 against BBM asserting a general unsecured claim in the amount of $8,342.40 based on its sale of goods to BBM prior to the petition date (Claim No. 47-1, Case No. 09-34453). A copy of the proof of claim is attached as **Exhibit 1**. Attached to the proof of claim is an invoice supporting the claim.

8. On November 2, 2009, Boise Distribution filed a proof of claim in Case No. 09-34453 against BBM asserting a general unsecured claim in the amount of $1,254,892.10 based on its sale of goods to BBM prior to the petition date (Claim No. 50-1, Case No. 09-34453). A copy of the proof of claim is attached as **Exhibit 2**. Attached to the proof of claim is a summary of open invoices.

9. On December 2, 2009, Boise Distribution filed an "amended" proof of claim in Case No. 09-34453 against BBM asserting a secured claim in the amount of $1,505,722.50, an administrative claim in the amount of $1,081,422.40 and a general unsecured claim in the

amount of $173,469.70 (Claim No. 50-2, Case No. 09-34453). A copy of the amended proof of claim is attached as **Exhibit 3**. Attached to the amended proof of claim are copies of (i) the secured promissory note, (ii) the deed of trust, (iii) a schedule of payments made under the secured promissory note and (iv) a summary of open invoices.

10. On November 2, 2009, Boise Distribution filed a proof of claim in Case No. 09-34453 against BBM asserting a general unsecured claim in the amount of $42,711.12 based on its sale of goods to BBM prior to the petition date (Claim No. 53-1, Case No. 09-34453). A copy of the proof of claim is attached as **Exhibit 4**. Attached to the proof of claim is a summary of open invoices.

11. The PCC has identified the Claimants as the recipients of potentially avoidable transfers. Accordingly, any allowed claim is subject to future disallowance under § 502(d) of the Bankruptcy Code.

## Objections

12. Claim No. 47-1 has previously been paid in full as a § 503(b)(9) claim pursuant to the Plan and prior orders of the Court.

13. With respect to Claim No. 50-2, $1,083,418.46 was previously paid pursuant to § 503(b)(9). In addition, the entire secured claim of $1,505,722.50 was satisfied through the conveyance of real property located in Pinal County, Arizona (the "Arizona Property") to Boise Distribution pursuant to the Plan. A copy of the Special Warranty Deed conveying the Arizona Property is attached as **Exhibit 5**. The Liquidating Trustee does not contest the allowance of the remaining portion of Claim No. 50-2 as a general unsecured claim.

14. Finally, $32,085.62 was previously paid on Claim No. 53-1 pursuant to § 503(b)(9). The Liquidating Trustee does not contest the allowance of the remaining portion of Claim No. 53-1 as a general unsecured claim.

15. Accordingly, the Liquidating Trustee requests that Claim No. 47-1 be disallowed, Claim No. 50-2 be allowed as a general unsecured claim in the amount of $171,473.64 and Claim No. 53-1 be allowed as a general unsecured claim in the amount of $10,625.50.

### Relief Requested

16. The Liquidating Trustee requests that the Court (i) disallow Claim No. 47-1 in its entirety; (ii) allow Claim No. 50-2 as a general unsecured claim against BBM in the amount of $171,473.64; (iii) allow Claim No. 53-1 as a general unsecured claim against BBM in the amount of $10,625.50; (iv) disallow all other claims; and (v) grant such other relief as is just.

**Dated: February 21, 2011.**

        Respectfully submitted,

        **Porter Hedges LLP**

        /s/ Joshua W. Wolfshohl
        David R. Jones
        State Bar No. 00786001/S.D.Tex. No. 16082
        Joshua W. Wolfshohl
        State Bar No. 24038592
        1000 Main Street, 36th Floor
        Houston, Texas 77002
        (713) 226-6653
        (713) 226-6253 (fax)
        **Counsel for H. Malcolm Lovett, Jr., Liquidating Trustee**

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of this objection, complete with all exhibits, has been served upon the Claimants, counsel for the Post-Confirmation Committee and the United States Trustee as set forth below by first class mail on this 21st day of February, 2011. The Claimants were also served by certified mail, return receipt requested. In addition, all parties registering an appearance through ECF will be served electronically.

**U.S. Trustee**
Office of US Trustee
515 Rusk St, Suite 3516
Houston, Texas 77002

**Claimants**
Boise Building Solutions Distribution and
Boise Building Solutions Manufacturing
c/o Douglas D. D'Arche and Michelle Benavides,
Baker Hostetler
1000 Louisiana St., Suite 2000
Houston, Texas 77002

**Counsel for Post-Confirmation Committee**
Michael H. Traison
Miller Canfield Paddock & Stone, PLC
150 W. Jefferson Ave., Suite 2500
Detroit, Michigan 48226

                                                  /s/ Joshua W. Wolfshohl
                                                  Joshua W. Wolfshohl