

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**ENTERED**
**08/06/2012**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 09-34452** |
| **BISON BUILDING HOLDINGS, INC.** | § | **Chapter 11** |
| **and** | § | |
| **BISON BUILDING MATERIALS, LLC** | § | |
| **and** | § | |
| **BISON BUILDING GP, INC.** | § | |
| **and** | § | |
| **HLBM COMPANY** | § | |
| **and** | § | |
| **MILLTECH, INC.** | § | |
| **and** | § | |
| **BISON BUILDING MATERIALS** | § | |
| **NEVADA, LLC** | § | |
| **and** | § | |
| **BISON MULTI-FAMILY SALES, LLC** | § | |
| **and** | § | |
| **BISON CONSTRUCTION SERVICES,** | § | |
| **LLC,** | § | |
| | § | |
| **BISON BUILDING MATERIALS, LLC** | § | **CASE NO: 09-34453** |
| | § | |
| **BISON MULTI-FAMILY SALES, LLC** | § | **CASE NO: 09-34458** |
| | § | |
| **BISON CONSTRUCTION SERVICES,** | § | **CASE NO: 09-34459** |
| **LLC** | § | |
| | § | |
| **BISON BUILDING MATERIALS** | § | **CASE NO: 09-34457** |
| **NEVADA, LLC** | § | |
| | § | |
| **BISON BUILDING GP, INC.** | § | **CASE NO: 09-34454** |
| | § | |
| **HLBM COMPANY** | § | **CASE NO: 09-34455** |
| | § | |
| **MILLTECH, INC.** | § | **CASE NO: 09-34456** |
| | § | **Jointly Administered Order** |
| **Debtor(s).** | § | **Judge Isgur** |

## <u>MEMORANDUM OPINION</u>

On July 13, 2012, the Court denied T&R Painting & Drywall, Inc.'s motion to allow late

filing of proof of claim. ECF No. 1297. Oral findings and conclusions were made pursuant of

Fed. R. Bankr. P. 7052(a)(1).  Because T&R  requested written findings of fact and conclusions of law, the Court issues this memorandum opinion.  To the extent any conflict exists between the oral findings and conclusions and this memorandum opinion, this opinion controls.

**Background**

In October of 2007, T&R sued John Davis, a former employee of Bison Building Materials Nevada, LLC ("Bison Nevada") in Nevada state court.  ECF No. 1309, at 11.  T&R also sued Bison Nevada for Davis' actions under an alter ego theory.  ECF No. 1309, at 13.  T&R was represented in the Nevada litigation by Bradley Tatom.  Bison Nevada was represented by David Wilson.  ECF No. 1309, at 13.

Bison Nevada, along with several affiliated entities (collectively, "Bison"), filed bankruptcy petitions in Houston on June 28, 2009.  The deadline for filing proofs of claim in the bankruptcy case was set for November 2, 2009.  ECF No. 172.  The order establishing the bar date provided that "[t]he Debtors shall serve this Order on all known creditors and parties in interest."  ECF No. 172, at 1.

The order was never served on Tatom's correct address.  The order was instead served on Tatom's former address.   However, the former address was Tatom's official address in the Nevada litigation.

During the course of the Nevada litigation, Tatom moved, but did not file a notice changing his address in the Nevada court's records.  It is undisputed that Tatom should have done so.  For around five months in 2007, Tatom's address was 520 South Fourth Street, Las Vegas, Nevada ("South Fourth Street address").  Tatom moved in November of 2007 to 7670 West Lake Mead Boulevard, Suite 135, Las Vegas, Nevada ("West Lake Mead address").

Wilson filed a suggestion of bankruptcy for Bison in the Nevada state court.  The certificate of service for Bison Nevada's suggestion of bankruptcy in July 2009 showed that Tatom was served at the West Lake Mead address, Tatom's actual current address.  However, Tatom testified that he never received the notice of bankruptcy.  ECF No. 1309, at 14.  Similarly, Wilson filed a notice of automatic stay that was sent to Tatom's West Lake Mead address, but Tatom testified that he never received the document.  ECF No. 1309, at 15.  The suggestion of bankruptcy and the notice of automatic stay were filed in the Nevada case and appear on the docket sheet of that case.  ECF No. 1309, at 25.

Although Tatom stated that he did not receive the documents, he acknowledges that he had actual notice of the bankruptcy.  Wilson informed Tatom of the bankruptcy filing on the phone or by email in July 2009.  Tatom testified that he had actual knowledge of the Bison bankruptcy as of July 2009.  ECF No. 1309, at 26.  Wilson also notified Tatom of the automatic stay in an email.  ECF No. 1309, at 26.

However, the certificate of service for the order establishing the proof of claim bar date, served on September 9, 2009, shows that Tatom was served at the South Fourth Street address. Tatom had not been at that address for almost two years.  ECF No. 1309, at 18.  Nevertheless, the South Fourth Street address remained Tatom's "official" address in the Nevada state curt litigation.

Wilson continued to pursue Bison Nevada's claims against Davis.  The Bankruptcy Court approved Wilson's employment by the estate.  ECF No. 193.

T&R never filed a motion to lift the stay in Bison's bankruptcy case.  ECF No. 1309, at 28-29.  Tatom testified that he was unaware that T&R violated the stay by continuing to pursue claims against Bison Nevada.  ECF No. 1309, at 38.

In January 2012, the Nevada case went to trial. The Nevada court awarded $1,334,869.30 in favor of T&R against Bison Nevada and Davis, and awarded $1,268,324.00 to Bison Nevada against John Davis. Ex. 7; Ex. 14, at 21.

On April 23, 2012, T&R filed a proof of claim in the Bison bankruptcy, seeking to collect on the $1,334,869.30 judgment. On May 18, 2012, T&R filed a motion to allow late filing of the proof of claim. ECF No. 1277.

## Analysis

The Court may allow a late-filed proof of claim if the creditor's failure to file a timely proof of claim was the result of excusable neglect on the part of the creditor and its counsel. Fed. R. Bankr. P. 9006(b)(1); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993).

T&R asserts that the late filing of the proof of claim was the result of excusable neglect because T&R did not receive notice of the bar date at the correct address.

Both Bison and T&R were partially responsibility. Bison was responsible for sending notice to creditors to the best known address for each creditor. Bison's agent, David Wilson, knew the right address to serve T&R, but Bison did not use the right address in sending the notice of the bar date.

However, Tatom, as agent of T&R, was also responsible, because he never filed the notice of change of address in the official Nevada records. In the Nevada case, his address was listed as Fourth Street. Bison served the notice of the bar date to the official address listed in the Nevada records, even though Bison had constructive knowledge through its agent that the official address was not Tatom's current address.

Although both sides bear responsibility for the failure to deliver the notice to the correct address, the Court finds that the T&R bears more responsibility than Bison.  Tatom had a responsibility to update his address in the Nevada litigation.  Bison's knowledge of Tatom's correct address does not negate Tatom's ultimate responsibility to provide the correct address. The Court therefore allocates the greater responsibility for the lack of notice of the bar date to T&R.

Moreover, once T&R had actual absolute knowledge of the bankruptcy case, T&R had a responsibility to file a proof of claim in the bankruptcy case, and it did not.  Although T&R is allowed to preserve a technical issue—the date of mailing of the notice of the bar date—it was not allowed to wait until April 2012 to file a proof of claim.  T&R could have cured the address problem by filing a proof of claim once it had actual knowledge of the bankruptcy filing.

Because T&R is ultimately responsible for Bison's failure to serve the notice of the bar date, T&R is responsible for the delay in filing the proof of claim.

The Court finds that T&R had actual knowledge of the bankruptcy.  Tatom, T&R's lawyer, was required to act prudently in protecting T&R's interests.  The failure to file a timely proof of claim, to investigate the bankruptcy case, or to do anything to preserve T&R's rights is inconsistent with excusable neglect.   "Creditors, with a knowledge of the bankruptcy proceedings prior to the expiration of the bar date, have a duty of inquiry [under 11 U.S.C. § 523(a)(3)(B)].  There is no reason that this same responsibility for due diligence should not be ascribed to the creditor who seeks an extension after the expiration of the bar date."  *In re TS Indus., Inc.*, 1991 WL 261702, at *3 (10th Cir. Dec. 6, 1991); *see also In re Kmart Corp.*, 381 F.3d 709, 716-17 (7th Cir. 2004) (holding that bankruptcy court did not err in denying creditor's request for inclusion under a supplemental bar date—established for creditors who did not

receive notice of the original bar date—when notice was not sent to the creditor's correct address, but the creditor had actual knowledge of the original bar date).

In applying the excusable neglect standard, the Court must consider "all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.

The first factor, danger of prejudice, weighs against in favor of allowing the late-filed proof of claim.  There are adequate reserves from which this claim could be paid.  This is a liquidating case.  Bison will not be injured.

The second factor, impact on judicial proceedings, would be severe.  Bison's plan was confirmed on June 29, 2010.  ECF No. 589.  Distributions have been made and the plan was confirmed without knowledge of this claim.  Votes were cast based on distribution forecasts. The confirmation order bars consideration of late-filed proofs of claim.  If the Court allows the late-filed claim, it will disrupt the reasonable expectations of creditors when they voted on the plan.  This factor weighs against allowing the claim.

The third factor, the reason for the delay, weighs against a finding of excusable neglect. T&R has not presented a good reason for its delay in the filing of the claim.  Its only excuse is that its lawyer did not realize that a proof of claim should have been filed.  T&R argues that it should not be held responsible for Tatom's negligence in investigating the bankruptcy case.  That argument was soundly reject in *Pioneer*.  The law "requires that respondents be held accountable for the acts and omissions of their chosen counsel. Consequently, in determining whether respondents' failure to file their proofs of claim prior to the bar date was excusable, the proper

focus is upon whether the neglect of respondents and their counsel was excusable." *Pioneer*, 507 U.S. at 397.  This factor weighs against allowing the late filing of the claim.

Te fourth factor, good faith, is neutral.  The movant in this case acted neither in good faith nor in bad faith.

Based on its analysis of the *Pioneer* factors, the Court concludes that T&R's failure to file a timely proof of claim therefore was not the result of excusable neglect.  The Court denies T&R's motion to allow the late-filed proof of claim.

The Court finds that T&R's motion to allow the late-filed proof of claim was not frivolous, and therefore the Court does not award legal fees.

## Conclusion

T&R's motion to allow late filing of proof of claim is denied.  The Court does not award legal fees.

SIGNED **August 3, 2012.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE